IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

**ROXANNA MARIA FRAGASSI,**

Plaintiff,

v.

**KCAC GALE MCMAHON; KLAMATH
COUNTY ANIMAL CONTROL; and
KLAMATH COUNTY,**

Defendants.

Case No. 1:15-cv-01543-CL

**REPORT AND
RECOMMENDATION**

**MICHAEL LEE RAWSON,**

Plaintiff,

v.

**KCAC GALE MCMAHON; KLAMATH
COUNTY ANIMAL CONTROL; and
KLAMATH COUNTY,**

Defendants.

Case No. 1:15-cv-01554-CL

CLARKE, Magistrate Judge

Plaintiffs Roxanna Fragassi and Michael Rawson bring this action against the defendants,

Klamath County Animal Control ("KCAC"), KCAC officer Gale McMahon, and against

Klamath County itself. The plaintiffs filed two separate complaints, but allege an identical claim

arising out of identical events. Therefore, on a motion from the defendants, the Court

consolidated the two cases (#20). The case comes before the Court on a motion for summary

judgment (#34) filed by all defendants. A Summary Judgment Advice Notice was mailed to the pro se plaintiffs on May 16, 2016 (#37, 38). For the reasons below, the defendants' motion (#34) should be GRANTED and judgment entered for the defendants.

## BACKGROUND

This case arises out of allegations that defendant Gale McMahon, an officer with Klamath County Animal Control, unlawfully seized plaintiffs' dog, Buster. Plaintiffs allege that defendant McMahon received a complaint about a dog in plaintiffs' neighborhood, and, "without any corroborating evidence or witnesses," "jumped to the conclusion" that Buster was the dog. Plaintiffs claim that defendant McMahon came to their home and stated that Plaintiff Rawson was under arrest for Reckless Endangerment and Maintaining a Dangerous Dog, based on a written complaint from a neighbor that Buster entered the neighbor's property on January 5, 2015 at 2PM and was growling and charged at the neighbor in his driveway. Plaintiffs claim that McMahon threatened to arrest Rawson if plaintiffs did not allow McMahon to seize the dog.

Further, plaintiffs allege that they have evidence exonerating their dog, showing that Buster was with them during the time alleged in the neighbor's complaint. Plaintiffs provide a timeline of their day on January 5, 2015, and declarations and receipts to support the timeline. Additionally, plaintiffs allege that Buster was a service animal providing assistance to plaintiff Fragassi. They do not claim that Buster had any training to be a service animal.

## STANDARD

Summary judgment shall be granted when the record shows that there is no genuine dispute as to any material of fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). The moving party has the initial burden of showing that no genuine issue of material fact exists.

*Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986); *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) (en banc). The court cannot weigh the evidence or determine the truth but may only determine whether there is a genuine issue of fact. *Playboy Enters., Inc. v. Welles*, 279 F.3d 796, 800 (9th Cir. 2002). An issue of fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

When a properly supported motion for summary judgment is made, the burden shifts to the opposing party to set forth specific facts showing that there is a genuine issue for trial. *Id.* at 250. Conclusory allegations, unsupported by factual material, are insufficient to defeat a motion for summary judgment. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposing party must, by affidavit or as otherwise provided by Rule 56, designate specific facts which show there is a genuine issue for trial. *Devereaux*, 263 F.3d at 1076. In assessing whether a party has met its burden, the court views the evidence in the light most favorable to the non-moving party. *Allen v. City of Los Angeles*, 66 F.3d 1052, 1056 (9th Cir. 1995).

## DISCUSSION

Plaintiffs' sole claim is that the seizure of their dog Buster by KCAC Gale McMahon was unlawful. Defendants are entitled to summary judgment because defendant McMahon had probable cause to believe that Buster was a dangerous dog. Therefore the seizure was lawful under ORS 690.090.

There is no dispute in the record that Buster, prior to the seizure in January, 2015, had a long history of complaints and two previous convictions as a potentially dangerous dog. Depo. Fragassi 37:16-21 (dkt #36-1). Complaints were made against Buster in May, 2012, September, 2012, and October, 2013. After Plaintiff Rawson was found guilty, for the second time, of keeping a potentially dangerous dog, in October, 2014, he was informed by the Court of the

serious consequences of any further incidents: Buster could be seized and held, and, if Mr.
Rawson was again found guilty of maintaining a dangerous dog, the dog could potentially be
destroyed. Naumes Ex. 4 (Cir. Court Hearing Tr.) (dkt#36-1).

On January 5, 2015, a neighbor of the plaintiffs' called the County and complained that a
dog had charged at him on the street, and that he had seen the dog running loose. The neighbor
identified the dog as plaintiffs' dog Buster based on a photograph that KCAC officer McMahon
had from a previous encounter. The next day defendant McMahon went to the plaintiffs'
residence, cited Mr. Rawson, and seized Buster.

Plaintiff Rawson filed a motion to release the dog, but Klamath County Circuit Court
Judge Bunch ruled that the impoundment was valid under ORS 609.090. Naumes Ex. 2 (dkt.
#36-1). ORS 609.090 states:

> A law enforcement officer or dog control officer may cite a keeper,
> impound a dog, or both if:
>
> (a) The dog is found running at large in violation of ORS 609.060
> (Notice of county prohibition on dogs running at large);
>
> (b) The dog is a public nuisance as described by ORS 609.095
> (Dog as public nuisance); or
>
> (c) The officer has probable cause to believe that the dog is a
> dangerous dog as defined in ORS 609.098 (Maintaining dangerous
> dog).

Plaintiffs do not dispute that Judge Bunch ruled that the impoundment of Buster was
valid due to Officer McMahon having probable cause that the dog was potentially dangerous.
Depo. Fragassi 135:2-4 (dkt #36-1).

The case against Rawson and Buster was ultimately dismissed. The Order states that "the
State was unable to proceed with trial because the victim was not available to testify on the day
of trial." Naumes Ex. 3 (dkt. #36-1). Regardless of the lack of a judgment against the plaintiffs,

based on Buster's history of complaints and convictions as a potentially dangerous dog, and the neighbor's complaint and identification of Buster as the dog that charged at him and was running loose in the neighborhood, it is clear that defendant McMahon had probable cause to believe that Buster was a dangerous dog. Whether or not Buster was actually guilty of those allegations does not change the fact that defendant McMahon could have reasonably believed there was probable cause under ORS 609.090. Therefore, the impoundment of Buster and citation of plaintiff Rawson were valid and lawful.

## RECOMMENDATION

For the reasons above, Defendants' motion for summary judgment (#34) should be GRANTED.

This Report and Recommendation will be referred to a district judge. Objections, if any, are due no later than fourteen (14) days after the date this recommendation is entered. If objections are filed, any response is due within fourteen (14) days after the date the objections are filed. See FED. R. CIV. P. 72, 6. Parties are advised that the failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED this _____ day of August, 2016.

MARK D. CLARKE
United States Magistrate Judge